UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 23-13-DLB-CJS

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.                                      **PLEA AGREEMENT**

DAVID LEE MITCHELL                                                                    DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to a one-count Indictment, charging a violation of 18 U.S.C. § 2252(a)(4)(B) (possession of visual depictions of minors engaging in sexually explicit conduct), as well as the Forfeiture Allegation. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of the crime charged are:

    (a)  The Defendant knowingly possessed one or more matters containing a visual depiction;

    (b)  The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

    (c)  The visual depiction was of a minor engaging in sexually explicit conduct;

(d) The Defendant knew the visual depiction involved a minor engaging in sexually explicit conduct; and

(e) The visual depiction was mailed, or shipped, or transported using any means or facility of interstate or foreign commerce, including by computer.

3. The United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about June 29, 2022, federal agents interviewed the Defendant at his home in Boone County, Kentucky. During the interview, the Defendant admitted that he knowingly possessed the two electronic storage devices listed in the Forfeiture Allegation.

(b) During the interview, the Defendant also admitted that the two devices contained pornographic material, that he personally saved all the files contained on those two devices, and that the Samsung Portable SSD T5 external hard drive contained visual depictions of persons that appeared to be under 18 years of age.

(c) The Defendant provided consent for agents to seize and search the two devices. During a forensic preview that occurred onsite, agents observed visual depictions of minors engaged in sexually explicit conduct.

(d) Law enforcement thereafter analyzed the two devices pursuant to a federal search warrant. Those examinations revealed over 100 unique digital images and over 100 unique digital videos depicting minors engaging in sexually explicit conduct, including multiple depictions of prepubescent minors engaged in the lascivious exhibition of their genitals and pubic area, and at least two depictions of prepubescent minors engaged in anal sex.

(e) The production of the images and videos of minors engaging in sexually explicit conduct involved the use of minors engaging in sexually explicit conduct, and the Defendant admits that he knew as much.

(e) The Defendant further admits that the images and videos of minors engaging in sexually explicit conduct contained on those two devices were transported using any means or facility of interstate or foreign commerce. Specifically, those digital images and digital videos were saved on the two devices listed in the Forfeiture Allegation by means of a computer accessing the internet.

4.     Because one or more of the visual depictions involved in the offense involved a prepubescent minor or a minor who had not attained the age of 12 years of age, the statutory punishment for the offense charged is not more than 20 years imprisonment, not more than a $250,000 fine, and not less than 5 years and not more than a life term of supervised release.  A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.  An additional special assessment of $5,000 on any non-indigent person or entity is required pursuant to the Justice for Victims of Trafficking Act.  *See* 18 U.S.C. § 3014.  A mandatory assessment of not more than $17,000 also applies pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act.  *See* 18 U.S.C. § 2259A.

5.     Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations except as otherwise provided in this agreement.  This recommendation does not bind the Court.

   (a) United States Sentencing Guidelines (U.S.S.G.) November 1, 2021 manual will determine the Defendant's guidelines range.

   (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes, but is not limited to, the facts outlined in paragraph 3.

   (c) Pursuant to U.S.S.G. § 2G2.2(a)(1), the base offense level is 18.

   (d) Pursuant to U.S.S.G. § 2G2.2(b)(2), increase by 2 levels because the material involved a prepubescent minor or a minor who had not attained the age of twelve years.

   (e) Pursuant to U.S.S.G. § 2G2.2(b)(4), increase by 4 levels because the offense involved sadistic or masochistic conduct or other depictions of violence.

3

(f) Pursuant to U.S.S.G. § 2G2.2(b)(6), increase by 2 levels because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.

(g) Pursuant to U.S.S.G. § 2G2.2(b)(7), increase by 5 levels because the offense involved 600 or more images.

(h) Pursuant to U.S.S.G. § 3E1.1, and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. Because the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(i) Pursuant to U.S.S.G. § 5E1.1, restitution is required and will be determined by the Court at sentencing.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant reserves the right to file a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K or seek a sentence below the advisory guidelines range as determined by the Court at sentencing. The United States is free to oppose any such motion or request.

8. The Defendant waives the right to appeal the guilty plea, conviction, and any sentence that is within or below the advisory guidelines range as finally determined by the Court. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea and conviction. In exchange, the United States agrees to recommend a sentence within the advisory guidelines range as finally adopted by

4

the Court, and further agrees to not argue in favor of an upward departure pursuant to Application Note 6 of U.S.S.G. § 2G2.2.

9.   The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture.  The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense, as set out in the forfeiture allegation of the Indictment.  The Defendant will take any steps necessary to pass clear title to this property to the United States, including but not limited to signing a consent decree of forfeiture or any other documents necessary for this forfeiture.

10.   The Defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

11.   The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).  The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.  The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction

where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

12.   After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving

the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13.     The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

14.     If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15.     This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 5/25/23       By: _____
                    Andrew A. Spievack
                    Assistant United States Attorney


Date: MAY 23, 2023      _____
                        David Lee Mitchell
                        Defendant


Date: May 23, 2023      _____
                        Marvin Knorr
                        Attorney for Defendant