UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

**CRIMINAL ACTION NO. 23-13-S-DLB-CJS**

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.            **UNITED STATES' SENTENCING MEMORANDUM**

DAVID LEE MITCHELL                                                          DEFENDANT

\* \* \* \* \*

Pursuant to the Court's Order, the United States submits the following Sentencing Memorandum. [R. 50: Sentencing Order.] The United States recommends a sentence of 60 months incarceration and a lifetime of supervised release. The undisputed guideline enhancements appropriately account for the Defendant's aggravating conduct, but his age and physical condition nevertheless warrant a sentence below the applicable range. [*See* Presentence Investigation Report (PSR) ¶ 96; U.S. Sentencing Guidelines §§ 5H1.1, 5H1.4, 5K2.0(b), 5K2.22; 18 U.S.C. § 3553(b)(2).]

The United States further recommends that the Court order restitution to the four victims in the amounts requested, that it impose special assessments of $5,000 under the Justice for Victims of Trafficking Act (JVTA) and $5,000 under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act (AVAA), and that it order that the amounts imposed be paid within 14 days after entry of judgment from the Defendant's available assets, as discussed further herein.

I.   **Background**

   A.   **The Investigation**

In early 2022, Homeland Security Investigations Northern Kentucky began investigating an online user that posted and viewed depictions of minors engaged in sexually explicit conduct, and whose IP address led to the Defendant's Burlington residence.  [PSR ¶¶ 8, 9.]  On June 29, 2022, agents travelled to the Defendant's residence for a consensual interview.  [*Id.* ¶ 10.]  The Defendant told agents that there was no child pornography inside and that he needed to speak with his spouse.  [*Id.* ¶¶ 10, 11.]  The Defendant then shut the door, but returned several minutes later and let the agents inside.  [*Id.* ¶ 11; *see* R. 34: Plea Agreement ¶ 3(a).]

During a consensual search of the Defendant's computer, an agent discovered that someone had just disconnected a USB device (the Samsung Portable SSD T5 external hard drive listed in the Forfeiture Allegation) from it.  [*See* PSR ¶ 12.]  The Defendant admitted that it was him and then pulled the device from his pocket.  [*Id.*]  Agents located another storage device in the Defendant's office desk.  [*Id.* ¶ 13.]

The Defendant admitted both devices were his, they contained pornographic material, he saved the files on them, and his spouse did not use his computer.  [*Id.* ¶ 14.]  He further admitted that the device he had just disconnected from his computer contained visual depictions of persons that appeared to be minors.  [*Id.*; *see* R. 34: Plea Agreement ¶ 3(c).]  He also told the agents that he had accessed depictions of minors engaging in sexually explicit conduct through the Internet in the past.  [*See* PSR ¶¶ 8, 9, 14.]

Agents seized the devices, and later searched them pursuant to a federal search

warrant.  [*Id.* ¶ 15.]   They found that the drives contained over 100 unique digital images and over 100 unique digital videos depicting minors engaging in sexually explicit conduct, including of the four victims seeking restitution.  [*Id.* ¶¶ 15, 21.]   Among the depictions were ones meeting the criteria for both an enhanced statutory maximum sentence and the application of the U.S.S.G. §§ 2G2.2(b)(2) and (b)(4) enhancements. [*Id.* ¶¶ 15, 26, 27, 78; R. 34: Plea Agreement ¶¶ 4, 5.]   Analysis revealed that the files on the Samsung external hard drive were organized into three main file folders, and such files had been recently accessed, including that very day.  [*Id.* ¶ 16.]

### B. Procedural History

The Defendant was originally charged in a single-count indictment with possession of visual depictions of minors engaged in sexually explicit conduct on or about June 29, 2022 (*i.e.*, the date agents went to his residence).  [R. 3: Indictment.]   He initially pled not guilty, but later filed a motion to change his plea.  [R. 11: Minutes for Initial Appearance; R. 18: Motion for Rearraignment.]

Before the change-of-plea proceeding, the Defendant filed a motion to remain on bond pending sentencing that included an affidavit from himself in support.  [R. 22: First Motion to Remain on Bond; R. 22-1: Affidavit.]   The affidavit contained materially false statements by the Defendant, including a denial of knowingly possessing the visual depictions as charged and a denial that he had recently viewed such materials.  [PSR ¶¶ 17, 19, 22, 32; R. 34: Plea Agreement ¶¶ 3(f) & (g).]   The Court granted the United States' request for a continuance in light of the Defendant's affidavit.  [R. 26: Motion to Continue Rearraignment; R. 27: Minute Entry for Status Conference.]

The grand jury thereafter returned a superseding indictment that charged the Defendant with the same substantive offense, but expanded the date range of his offense conduct.  [R. 28: Superseding Indictment.]  The Defendant pleaded guilty to that superseding indictment pursuant to a plea agreement in which he admitted obstructing justice in connection with his first motion to remain on bond pending sentencing.  [R. 33: Motion for Rearraignment; R. 34: Plea Agreement ¶¶ 3(g), 5(h); PSR ¶¶ 17, 19, 22, 32.]  Sentencing is scheduled for February 8, 2024.  [R. 50: Sentencing Order.]

## II.    Objections to the Presentence Investigation Report

There are no unresolved objections to the PSR.

## III.   Recommended Sentence

When imposing a sentence, the Court must select a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [section 3553(a)(2).]"  18 U.S.C. § 3553(a).  In doing so, the Court must consider the following, non-exhaustive factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed training, care, or treatment; (3) the guidelines range (here, 97 to 121 months); and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  *Id.*

In cases of this nature, a sentence below the guidelines is discouraged "unless …

the court finds that there exists a mitigating circumstance of a kind or to a degree that … has been affirmatively and specifically identified as a permissible ground for downward departure in the sentencing guidelines," that "has not been taken into account by the Sentencing Commission in formulating the guidelines," and that "should result in a sentence" below the guideline range.  *Id.* § 3553(b)(2).

As set forth more fully below, the United States submits that a 60-month sentence of incarceration, followed by a lifetime term of supervised release, would comply with 18 U.S.C. § 3553.  The Defendant should be ordered to immediately pay restitution to the four victims seeking it and to also pay a total of $10,100 in special assessments.

### A. Nature and Circumstances and Seriousness

Every child sexual exploitation offense is serious.  The lifetime of harm inflicted upon victims by those who produce child pornography versus traffic in it versus consume it cannot be readily disentangled.  For sentencing purposes, there is nevertheless a spectrum of conduct that can be illustrated by a pyramid, with hands-on production toward the narrower apex (most severe; relatively fewer offenders) and possession toward the broader base (relatively less egregious/severe; relatively more offenders).

There is no evidence that the Defendant produced, or otherwise engaged in hands-on contact with minors, but the nature and circumstances of his offense is more egregious than mere possession.  The Defendant participated in online trafficking of child sexual abuse material over a period of years, and thereby amassed a substantial collection that included depictions of prepubescent minors engaged in sexually explicit conduct.  As this Court knows—and as further attested to by the victims here—harm is perpetuated

upon the victims by such conduct. The Defendant ultimately admitted his responsibility, but only after first trying to minimize and mislead the Court. These factors weigh in favor of a multi-year sentence of imprisonment.

### B. History and Characteristics, Respect for the Law, Protecting the Public, Just Punishment, Needed Care

The Defendant's history and characteristics weigh against a sentence within the guideline range. [PSR ¶ 79.] He has no criminal history and there is no evidence that he committed hands-on abuse. Outside of the instant conduct, the Defendant appears to have otherwise led a law-abiding life, with no indication of posing a danger to the public. He has been retired for years and is dealing with a multitude of physical challenges. [*See id.* ¶¶ 46-59].

While the foregoing considerations do not excuse the offense conduct, they do support a sentence below the otherwise advisory guideline range (whether by departure or variance). Consumers of child pornography cause continued harm to the victims involved, and their conduct perpetuates the production and distribution networks that create new victims. The Defendant sought to deceive the Court regarding his conduct, but ultimately admitted it, thus preserving his acceptance of responsibility credit. The sentence recommended herein would promote respect for the law and punish the Defendant for his crimes, while appropriately balancing his history and characteristics and accounting for the permissible grounds for downward departure.

### C. Deterrence

General deterrence is a critical factor in this case. The Internet gives consumers

of child exploitation material a powerful tool to commit their crimes and thereby further victimize children. As this case illustrates, such persons can commit their crimes over a period of years without detection. The recommended sentence would deter those who would similarly use the seeming anonymity and physical separation of the Internet to victimize children, while avoiding unwarranted sentencing disparities among defendants with similar records and who have been found guilty of similar conduct.

### D. Financial Penalties

The Defendant reported financial resources to both the United States Attorney's Office and the Probation Office, including over $100,000 in a retirement account, over $25,000 in bank accounts, and a residence that he owns with his spouse free and clear of any liens or encumbrances. [*See* PSR ¶¶ 72-77; R. 34: Plea Agreement ¶ 13 (agreement to make financial disclosure to the United States Attorney's Office).]

There is no dispute that the Defendant owes restitution. [*See* PSR ¶¶ 20, 91, 92; R. 34: Plea Agreement ¶¶ 5(j), 11.] Four victims have requested $3,000, $5,000, $5,000 and $10,000, respectively (total $23,000). [*See, e.g., id.* ¶ 21.] The United States recommends that the Court impose restitution as requested.

There also is no dispute that the Defendant owes three mandatory assessments: a $100 special assessment, a $5,000 mandatory assessment on non-indigent defendants pursuant to the JTVA, and an additional mandatory special assessment under the AVAA of no more than $17,000. [*See* PSR ¶¶ 87, 88; R. 34: Plea Agreement ¶ 4]; 18 U.S.C. §§ 3013(a)(2), 3014, 2259A. As reflected by the JTVA and AVAA, persons who engage in the victimization of children should not only face loss of liberty, but should

also suffer financial loss. The United States recommends that the AVAA assessment match the mandatory $5,000 JTVA assessment. No amount of money can rectify the harm the Defendant caused, but restitution will help those victims, and the assessments will help other victims and provide deterrence to other would-be offenders.

As stated previously, the Defendant has available assets that are more than sufficient to pay off the monetary obligations requested by the United States. The United States requests that the Court employ its authority under 18 U.S.C. §§ 3572(d) and 3664(f) to establish the following conditions of payment: (1) restitution, assessments, and all other financial penalties imposed at sentencing shall be due in full immediately; (2) the Defendant and/or any power of attorney or other person acting under his direction shall turn over so much of his retirement account and/or bank accounts as is necessary to satisfy the remaining balance of the monetary obligations in his judgment to the United States District Clerk no later than fourteen (14) days after judgment; and (3) the Defendant must pay $100 for the special assessment in this case immediately. [*See* R. 34: Plea Agreement ¶¶ 4, 14].

### IV. Conclusion

A 60-month term of imprisonment, followed by a lifetime of supervised release is sufficient, but not greater than necessary to comply with 18 U.S.C. § 3553. The nature and circumstances of the Defendant's conduct as illustrated by the multiple aggravating enhancements, as well as the need for deterrence and to promote respect for the law, weigh heavily in favor of a multi-year term of incarceration.

        Respectfully submitted,

        CARLTON S. SHIER, IV
        UNITED STATES ATTORNEY

By:    /s/ Andrew A. Spievack
        Assistant United States Attorney
        207 Grandview Drive, Suite 400
        Ft. Mitchell, Kentucky 41017
        (859) 655-3205
        FAX (859) 655-3211
        Andrew.Spievack@usdoj.gov

## CERTIFICATE OF SERVICE

On February 1, 2024, I electronically filed this document via the CM/ECF system, which will send the notice of electronic filing to counsel of record.

/s/ Andrew A. Spievack
Assistant United States Attorney